**NOT FOR PUBLICATION**

FILED

JUL 22 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SELIMA SHAHNAWAJ KHAN, | No. 23-736 |
| Petitioner, | Agency No. A201-195-269 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 18, 2024**
Pasadena, California

Before: WARDLAW, PAEZ, and SANCHEZ, Circuit Judges.

Selima Shahnawaj Khan, a native and citizen of Bangladesh, seeks review of

the Board of Immigration Appeals' ("BIA") decision affirming the Immigration

Judge's ("IJ") denial of her application for asylum, withholding of removal, and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1

protection under the Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

"Where, as here, the BIA agrees with the IJ's reasoning, we review both decisions." *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023) (quoting *Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018)).  We review the agency's legal conclusions de novo and its factual findings, including adverse credibility determinations, for substantial evidence.  *See Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022).  Under the substantial evidence standard, "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."  8 U.S.C. § 1252(b)(4)(B).

1.      Substantial evidence supports the agency's adverse credibility determination.[1]  A trier of fact may base an adverse credibility determination on the "totality of the circumstances," including "the demeanor, candor, or responsiveness of the applicant," "consistency between the applicant's [] written and oral statements," and "any inaccuracies or falsehoods in such statements."  8 U.S.C. § 1158(b)(1)(B)(iii).

---

[1] We reject the government's argument that Khan failed to exhaust her challenge to the IJ's adverse credibility finding.  Khan's brief to the BIA put the agency "on notice" that she was contesting the IJ's adverse credibility finding and the BIA "pass[ed] on this issue," concluding that the adverse credibility finding was not clearly erroneous.  *See Zhang v. Ashcroft*, 388 F.3d 713, 721 (9th Cir. 2004).

Khan argues that the IJ did not base its credibility determination upon the totality of the circumstances, but instead cherry-picked immaterial facts to undermine her claim. We disagree. As the BIA determined, the IJ identified multiple credibility issues with Khan's testimony regarding her claims of persecution. Khan admitted that she lied under oath concerning her parents' trip to the United States to visit her while earlier claiming that they had been in hiding in Bangladesh. When a petitioner chooses to lie to immigration authorities for reasons "completely unrelated to escaping immediate danger or gaining entry into the United States," that "counts as substantial evidence supporting an adverse credibility finding." *Singh v. Holder*, 643 F.3d 1178, 1181 (9th Cir. 2011).

The IJ also identified several inconsistencies between Khan's written and oral statements, including inconsistencies concerning whether Khan worked following her marriage and whether her in-laws knew or believed her to be having an affair. *See Ren v. Holder*, 648 F.3d 1079, 1089 (9th Cir. 2011) ("[E]ven minor inconsistencies that have a bearing on a petitioner's veracity may constitute the basis for an adverse credibility determination.").

Finally, the IJ found Khan to be an "evasive" and "non-responsive" witness. "The need for deference is particularly strong in the context of [an IJ's] demeanor assessments" because "[s]uch determinations will often be based on non-verbal cues" that an IJ is uniquely situated to observe. *Ling Huang v. Holder*, 744 F.3d

3

1149, 1153 (9th Cir. 2014). In sum, the agency permissibly concluded that the totality of the circumstances, including Khan's lie under oath, inconsistent statements, and evasive demeanor, indicated that Khan was not credible.[2] "The record does not compel the conclusion that the adverse credibility determination was erroneous." *Li v. Garland*, 13 F.4th 954, 961 (9th Cir. 2021).

2.     Substantial evidence supports the denial of CAT protection. "To receive CAT protection, a petitioner must prove that it is 'more likely than not' that he or she would be tortured if removed." *Lalayan v. Garland*, 4 F.4th 822, 840 (9th Cir. 2021) (quoting *Shrestha v. Holder*, 590 F.3d 1034, 1048 (9th Cir. 2010)). An adverse credibility determination does not necessarily defeat a CAT claim; the claim may be established through independent documentary evidence. *See Shrestha*, 590 F.3d at 1048–49. As the IJ noted, there is no documentary evidence to establish that Khan was previously tortured in Bangladesh, and the country conditions evidence Khan submitted does not compel a finding that she is more likely than not to be tortured upon return.

**PETITION DENIED**.

---

[2] Because these grounds provide substantial evidence for the IJ's adverse credibility finding, we need not address Khan's remaining arguments concerning adverse credibility.

4